ROANE, Judge,
at the request of the President, delivered the resolution of ihe Court as follows:
*206 This was an action of debt, brought by M’Guire against Gadsby, in the Hustings Court of Alexandria, for 550 dollars, upon a promissory note, dated the 29th July, 1797, payable in 90 days, negotiable at the Bank of Alexandria, and protested at the request of the President and Directors of that Bank, October 31st, (four days after the day of payment had expired.) Upon the plea of owe nothing, the parties were at issue, and on the trial the defendant gave in evidence, “ That, after the passing of this note, eleven notes of fifty dollars each, not sealed, were given by the defendant to the plaintiff; which, it was admitted, were not given for any new debt, and a witness present when they were given, gave his opinion to the jury, that these notes were given and received in payment of the note in suit. That four of them only were given at first, and the others afterwards; when he, the witness, understood that the plaintiff agreed, in consideration of these, to give up the other. It is further stated, in the bill of exceptions, that three of the small notes were paid, and the plaintiff, at the trial, produced the other eight, and tendered them to the defendant.” Upon this evidence, the defendant’s counsel moved the Court to instruct the jury, that the small notes were a payment or discharge of the other: but the Court gave a contrary direction, that they were no such payment, or discharge: A verdict passed for the plaintiff, for the debt, with damages and costs; for which judgment is entered, with a rule, at the foot, that the debt may be discharged by 400 dollars (discounting the 150 dollars paid upon three of the small notes.) The defendant, having stated his exceptions, appealed to the District Court; where the judgment was reversed, and a new trial directed, in which the defendant is to be at liberty to give in evidence the notes rejected. From this reversal, the appeal is to this Court; and the question is, whether the instruction of the Hustings Court to the jury, was a mis-direction? The eight small notes not satisfied, are in the record, and are all of the same date and tenor, viz. November 6, 1797, (six days after the protest,) except that they are payable at different periods from 19 to 60 days; the last of which expired January 5th, 1798, three months before the suit was brought, which was commenced in April, upon the old note. They are on the same terms with the note in suit, so as to be negotiable at the Bank, but are not protested as the other was. It is said that the plaintiff ought to have returned the small notes before he brought the suit: And, if they *207 iiad been drafts of the defendant upon a third person, not accepted, he ought to have done so, notice in that case to the defendant being material;* but this was not necessary-in the present case, since the defendant was equally liable upon both, and it was indifferent to him which. The declaration gave him notice that he was sued on the old note, and, therefore, was not liable upon the small ones: which, however, were properly tendered him on the trial. The question is, whether the small notes were a payment, or discharge, of the former, which was held by the plaintiff, and not given.up on receipt of the other? In point of justice, there seems no difficulty; the plaintiff is in pursuit of a just demand, which he has recovered; and the present attempt is to subject him to costs and delay, for that he ought to commence a new suit, or suits, upon the small notes, in which the same principles, without a single essential change in the situation of plaintiff or defendant, are to govern the decision. This attempt, therefore, ought to be supported, by strict law, before it should receive the sanction of this Court, and how is the law?
First. View it as an accord between the parties: It was truly said, by the counsel, that an accord cannot be given In evidence, but must he pleaded; and he might have added, 'that it must be pleaded with satisfaction too; that is, that the thing substituted has been performed. In both points, therefore, the defendant has failed. He did not plead it, nor were the smaller notes paid. Next, view it in the light of a merger: Do the smaller notes extinguish the former? On this subject we take the law to be settled, lhat, in order to make one instrument an extinguishment of another, the latter must be of a higher dignity than the former, or must put the plaintiff in a better condition: Neither of which is the case of these notes, all precisely of the same tenor, and not sealed; nor do the latter place the plaintiff in a better condition than the former: They benefit the defendant, indeed, by giving him a further day of payment; which he did not avail himself of, and cannot now turn lhat favor to the prejudice of the plaintiff, who did not sue till three months after the most remote payment was to have been made.
Mr. Lee admitted the rule in general, but insisted that where there was an agreement to accept the latter notes in satisfaction of the former, they shall have that operation; *208 and this agreement was proved by the witness, as stated in the exception. Whether the jury would have found the fact of the agreement, upon the opinion and understanding of the witness, opposed by the circumstance of M’Guire’s having retained the original note,* and its not having been called for by Gadsby, is uncertain; but, admitting the agreement proved, Mr. Lee’s cases do not apply. In Clark v. Mundal, 1 Salk. 124, the agreement to take a bill of exchange for the debt, which is to be an extinguishment of it, is made at the time of the original contract, the sale of the goods; but, in that case, a bill endorsed at, or on a subsequent day, was no satisfaction, without payment. And to such, Holt does not apply the exception of a special agreement. The 1 Esp. N. P. 49, takes notice of this, and says a statute, has altered the rule as to inland bills, which declares them, when accepted, a satisfaction, if the person accepting does not take his due course to get them accepted and paid; but if he does use due diligence, he does not sustain the loss. A goldsmith’s note, received for money, and not paid, is no satisfaction, without an express agreement that it shall be received as cash. Ward v. Evans, 2 Salk. 442, [2 Ld. Raym. 928. †] All the cases respect bills, orders, and notes, wherein third persons are concerned: They do not, therefore, shake the authority in [Roades v. Barnes,] 1 Burr. 9, and [Cumber v. Wane,] 1 Stra. 426, that a promissory note shall not be extinguished by a subsequent promissory note given by'and to the same person; which is the case before the Court. We think, therefore, that the direction of the Hustings Court was right, that the judgment of the District Court ought to be reversed, and that of the Hustings Court affirmed.

[* See Bishops, Rowe, 3 Mau. & Selw. 362.]

[*Ex parte Barclay, 7 Ves. jun. 597.]

[† See on this subject Sheehy v. Mandeville et al. 6 Cranch, 253; Whitbeck v. Van Ness, 11 Johns. R. 409; Porter v. Talcott et al. 1 Cowen’s R. 359.]